IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAROLD T. HODGES JR., #A0167456, | ) ) ) | CIV. NO. 20-00099 JAO-RT |
| Petitioner, | ) ) ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING ACTION |
| vs. | ) ) | |
| STATE OF HAWAII, | ) ) | |
| Respondent, | ) ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DISMISSING ACTION**

Before the Court is Petitioner Harold T. Hodges Jr.'s ("Hodges[']")

"[P]etition to vacate, Set aside, correct judgement, release petitioner from custody,

or new trial" ("Petition").  ECF No. 1.  Because Hodges is a state prisoner

challenging his criminal conviction, the Court construes the Petition as brought

pursuant to 28 U.S.C. § 2254.  Hodges again challenges his amended judgment of

conviction and sentence in *State v. Hodges*, Cr. No. 16-1-0422(1) (Haw. 2d Cir.

Ct.).[1]  *See* https://www.courts.state.hi.us (follow "eCourt Kokua"; then follow

---

[1]  Hodges has brought two prior habeas federal petitions and one petition for a writ of mandamus, each challenging his conviction in Cr. No. 16-1-0422(1).  *See Hodges v. Circuit Court of the Second Circuit*, CIV. NO. 19-00547 JAO-WRP, 2019 WL 6311986 (D. Haw. Nov. 25, 2019)

(continued . . .)

"Case Search" for Case ID 2PC161000422) (last visited April 23, 2020)

(hereinafter "*Hodges* (Second Circuit)") (Amended Judgment; Conviction and

Sentence, filed May 22, 2017).

For the following reasons, Hodges' Petition is DENIED with prejudice and

this action is DISMISSED.  Any request for a certificate of appealability is

DENIED.

## I.  LEGAL STANDARD

The Court is required to screen all actions brought by prisoners who seek

any form of relief, including habeas relief, from a governmental entity or officer or

employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  Rule 4 of the

Rules Governing Section 2254 Cases ("Habeas Rule 4") requires the Court to

dismiss a habeas petition "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court."

When screening a habeas petition, the Court must accept the allegations of

the petition as true and construe the petition in the light most favorable to the

petitioner.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Scheuer v. Rhodes*,

---

(. . . continued)
(denying petition for mandamus as legally frivolous); *Hodges v. Hawaii*, CIV. NO. 19-00021
JAO-KJM (D. Haw. Jan. 29, 2019) (dismissing petition as unexhausted and legally frivolous);
*Hodges v. Hawaii*, CIV. NO. 17-00323 SOM-KSC, 2017 WL 3586044 (D. Haw. Aug. 17, 2017)
(abstaining under *Younger v. Harris*, 401 U.S. 37, 45  -46 (1971), and noting claims are
unexhausted).

416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468

U.S. 183 (1984); *see also Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002)

("*Pro se* habeas petitioners may not be held to the same technical standards as

litigants represented by counsel." (citations omitted)).  "It is well-settled that

'[c]onclusory allegations which are not supported by a statement of specific facts

do not warrant habeas relief,'" however.  *Jones v. Gomez*, 66 F.3d 199, 204 (9th

Cir. 1995) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)).  "[T]he

petitioner is not entitled to the benefit of every conceivable doubt; the court is

obligated to draw only reasonable factual inferences in the petitioner's favor."

*Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (citation omitted).  Even a pro

se petitioner must give fair notice of his claims by stating the factual and legal

elements of each claim in a short, plain, and succinct manner.  *See Mayle v. Felix*,

545 U.S. 644, 649 (2005) ("Rule 8 . . . requires only 'a short and plain statement,'"

while "Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more

detailed statement.").  Allegations that are vague, conclusory, or palpably

incredible, and that are unsupported by a statement of specific facts, are

insufficient to warrant relief and are subject to summary dismissal.  *See*

*Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (citing *Herman v. Claudy*, 350 U.S.

116, 119 (1956)); *see also Jones*, 66 F.3d at 204–05 (citing *James*, 24 F.3d at 26).

## II.  <u>BACKGROUND AND GROUNDS FOR RELIEF</u>[2]

Hodges was convicted and sentenced in Cr. No. 16-1-0422(1) on December

2, 2016 in the Circuit Court of the Second Circuit, State of Hawaiʻi ("circuit

court").[3]  *See Hodges* (Second Circuit) (Minutes dated Dec. 2, 2016).  On May 22,

2017, the circuit court issued an amended judgment of conviction and sentence.

*See id.* (Amended Judgment; Conviction and Sentence).  Although Hodges

directly appealed, *see State v. Hodges*, CAAP-17-0000049, the Hawaiʻi

Intermediate Court of Appeals ("ICA") dismissed the appeal on January 23, 2018

for his failure to file an amended opening brief as directed.  *See id.* (Order

Dismissing Appeal).

Hodges has filed at least three state post-conviction petitions pursuant to

Rule 40 of the Hawaiʻi Rules of Penal Procedure ("HRPP"), two of which remain

pending before the circuit court.  *See Hodges v. State*, S.P.P. 17-1-00012 (Haw. 2d

Cir. Ct.) (petition filed June 20, 2017 with Case ID 2PR171000012) (dismissed

pursuant to Order filed Sept. 6, 2017 granting State's motion to dismiss); *Hodges*

---

[2]  These facts are taken from the Petition, Hodges' previous federal petitions, and state criminal and civil proceedings related to Cr. No. 16-1-0422(1).  *See* Fed. R. Evid. 201(b).

[3]  Hodges pled guilty to: Attempted Promoting a Dangerous Drug in the Second Degree (Count 1); Promoting a Dangerous Drug in the Second Degree (Count 2); Attempted Promoting a Detrimental Drug in the First Degree (Count 3); and Prohibited Acts Related to Drug Paraphernalia (Count 4).  He was sentenced to consecutive ten-year terms of imprisonment in Counts 1 and 2, to run concurrently with five-year terms of imprisonment in Counts 3 and 4.

*v. State*, S.P.P. 17-1-00019 (Haw. 2d Cir. Ct.) (petition filed Nov. 20, 2017 with

Case ID 2PR171000019) (pending); *Hodges v. State*, S.P.P. 20-1-0000007 (Haw.

2d Cir. Ct.) (petition filed Mar. 25, 2020 with Case ID 2CPN-20-0000007)

(pending).

On March 2, 2020, Hodges filed the present Petition, which is largely

incoherent. Hodges first asserts that the state circuit court lacked jurisdiction over

his criminal proceedings because the "state being a corporation in case no. 16-1-

0422, the CI[R]CUIT COURT OF THE S[E]COND CIRCUIT can only be civil or

commerce under U.C.C." Pet., ECF No. 1 at 1.[4] He argues that, when he spelled

his name in capital and lower case letters at trial, this represented a successful

challenge to the state court's jurisdiction over his state criminal proceedings. He

asserts jurisdiction lies in this federal district court pursuant to 28 U.S.C. § 1391

and "artical [sic] 3,[ ]§ 2." *Id.* It is unclear whether he refers to jurisdiction over

his state criminal proceedings or over his Petition.

Hodges next asserts that this federal district court *lacks* jurisdiction under

Article I, Section 8, Clause 17,[5] and Article IV, Section 3, Clause 2 of the United

---

[4] The Court refers to the pagination assigned to filed documents by the Federal Judiciary's Case Management/Electronic Case Files system ("CM/ECF").

[5]

The Congress shall have Power . . . To exercise exclusive Legislation in all

(continued . . .)

States Constitution."[6]  *Id.* at 2.  It is again uncertain whether he refers to jurisdiction over his state criminal proceedings or over the Petition.  He claims that, because Hawaiʻi was allegedly illegally annexed by President William McKinley, it is not a territory or property of the United States, thus, federal jurisdiction is improper over him because Hawaiʻi is beyond ten miles from Washington, D.C.  *Id.* at 2–3.

Finally, Hodges asserts that he is not a "corporate entity," therefore, he has absolute immunity from suit under the Equal Protection Clause of the Fourteenth Amendment.  *Id.* at 4.

---

(. . . continued)

        Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings[.]

U.S. Const. art. I, § 8, cl. 17.

[6]

        The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any Claims of the United States, or of any particular State.

U.S. Const. art. IV, § 3, cl. 2.

# III. **DISCUSSION**

To the extent that they can be understood, Hodges' claims are legally frivolous.  He appears to rely on a "sovereign citizen" theory to assert that he is not subject to prosecution, or to any exercise of jurisdiction over him in the United States or in the State of Hawai'i.  This legal theory originated in the context of tax protests, and is generally advanced to challenge state and federal laws and judgments.  It has been uniformly rejected, in all of its various forms, by state and federal courts.  *See, e.g.*, *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (concluding that defendant's argument that the federal court lacked jurisdiction because he was a citizen of the "sovereign state of Idaho" but not a United States citizen, was "completely without merit" and "patently frivolous"); *United States v. Sloan*, 939 F.2d 499, 500–01 (7th Cir. 1991) (concluding argument that court lacked jurisdiction because defendant was a citizen of the State of Indiana but not of the United States, was "simply wrong"); *Conerly v. Paran LLP*, Case No. 1:19-cv-00043-DCN, 2019 WL 3848781, at *2 (D. Idaho Aug. 14, 2019) (dismissing similar petition as meritless); *United States v. Delatorre*, No. 03 CR 90, 2008 WL 312647, at *2 (N.D. Ill. Jan. 30, 2008) (stating jurisdiction exists regardless of "whether [the defendant's] name is written in all capital letters or a mix of capital and lower case letters, or whether he identifies

7

himself as . . . the 'authorized representative of the corporate fiction-entity/debtor'").

The Ninth Circuit Court of Appeals, the District Court for the District of Hawaii, and Hawaiʻi state courts have also consistently rejected this argument. *See, e.g.*, *United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) (holding the United States District Court for the District of Hawaii has jurisdiction over Hawaiʻi residents claiming they are citizens of the Sovereign Kingdom of Hawaii); *Gilbert v. Fed. Nat'l Mortg. Ass'n*, CIV. NO. 17-00575 JMS-KSC, 2017 WL 6519017, at *4 (D. Haw. Dec. 20, 2017) (same) (citing *id.*); *State v. Kaulia*, 128 Hawaiʻi 479, 487, 291 P.3d 377, 385 (2013) (concluding that "[i]ndividuals claiming to be citizens of the Kingdom [of Hawaiʻi] and not of the State are not exempt from application of the State's laws" (citations omitted)); *Penaflor v. United States*, CIV. NO. 18-00458 JAO-KJM, 2018 WL 6440872, at *2 (D. Haw. Dec. 7, 2018) (dismissing action for declaratory judgment that Hawaii's admission to the United States was nullified by the 1993 Apology Resolution, for failure to state a claim). Even when Hodges himself made similar claims in a habeas petition filed in January 2019 when he alleged that the state court lacked jurisdiction over him as a corporate entity, this Court held that he failed to state a claim for relief. *See Hodges v. Hawaii*, CIV. NO. 19-00021 JAO-KJM (D. Haw.

Jan 29, 2019) (Order Denying In Forma Pauperis Application and Dismissing Petition).

Generally, a federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *See Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). As a matter of comity, a petitioner must give the state courts a "fair opportunity" to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthy*, 653 F.2d 374, 376 (9th Cir. 1981).

Nonetheless, § 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Although Hodges has at least two state post-conviction petitions pending before Hawai'i state courts, one of which was filed after the present Petition, it is appropriate to deny Hodges' claims here because they plainly lack

merit and are legally frivolous. *See Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005) (holding a court may deny an unexhausted claim on the merits pursuant to § 2254(b)(2) when it is "perfectly clear that the applicant does not raise even a colorable federal claim" (quoting *Granberry v. Greer*, 481 U.S. 129, 135 (1987) (other citations omitted)); *Huynh v. Lizarraga*, Case No. 15cv1924-BTM (AGS), 2020 WL 1324826, at *21 (S.D. Cal. Mar. 20, 2020) (dismissing claim that was "so lacking in merit as to allow the Court to deny it notwithstanding" the failure to exhaust (citations omitted)).  Moreover, the ICA dismissed Hodges' direct appeal as procedurally barred, *see State v. Hodges*, CAAP-17-0000049, and his first state post-conviction petition was similarly dismissed, *see Hodges v. State*, S.P.P. 17-1-00012.  Thus, Hodges had the opportunity to raise his claims to the highest state court and failed to properly do so.  Finally, Hodges has been repeatedly warned that his claims are frivolous and unexhausted, yet he continues to raise such claims without regard to these directions.  Accordingly, the Petition is DENIED with prejudice and this action is DISMISSED.

## IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied.  *See also* Fed. R. App. P. 22(b).  To

warrant a certificate of appealability regarding the dismissal of Hodges' claims on their merits as legally frivolous, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Hodges cannot meet the *Slack* standard regarding his claims.  Any request for a certificate of appealability is DENIED.

## V.  CONCLUSION

Hodges' Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is DENIED with prejudice as legally frivolous and this action DISMISSED.  Any request for a certificate of appealability is DENIED.  The Clerk is directed to terminate this action and close the file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, April 27, 2020.



Jill A. Otake
United States District Judge

*Hodges v. Hawaii*, CIV. NO. 20-00099 JAO-RT, Order Denying Petition for Writ of Habeas Corpus and Dismissing Action

11